UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

MATTHEW HANFORD,

    **Plaintiff,**　　　　　　　　　　　　　　　　　　COMPLAINT

v.

**INSPERITY SERVICES, L.P.,**

    　　　　　　　　　　　　　　　　　　　　DEMAND FOR JURY TRIAL

    **Defendant.**
_____/

## COMPLAINT

Plaintiff, Matthew Hanford ("Plaintiff"), by and through counsel, files this Complaint against Defendant Insperity Services, L.P. ("Defendant") pursuant to the Fair Credit Reporting Act, 15 USC §1681 *et seq.* ("FCRA").

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

### DEMAND FOR JURY TRIAL

3. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

### PARTIES

4. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Palm Beach County, Florida.

5. Defendant is a Delaware limited partnership whose registered agent in Delaware is Corporation Service Company, 211 E. 7th Street Suite 620, Austin, TX 78701. Defendant provides background screening services of prospective and current employees for employers.[1] Upon information and belief, Defendant assembles and merges credit and background information from various sources and maintains a database of the assembled and/or merged information from which it then produces new consumer reports. As such, Defendant is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

## GENERAL ALLEGATIONS

6. The FCRA is a federal statute designed to protect consumers from the harmful effects of inaccurate information reported in consumer reports (commonly referred to as "credit reports"). Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA. *See* 15 U.S.C. § 1681a.

7. To that end, the FCRA imposes the following duties on CRAs: (i) CRAs must devise and implement reasonable procedures to ensure the "maximum possible accuracy" of information contained in consumer reports; and (ii) CRAs must reinvestigate the facts and circumstances surrounding a consumer's dispute and timely correct any inaccuracies.

8. The FCRA provides consumers with a private right of action against CRAs that willfully or negligently fail to comply with their statutory obligations under the FCRA.

---

[1] *See* Curtis Frazier, Background check: Is your process Discriminatory?, Insperity, https://www.insperity.com/blog/how-background-checks-can-land-your-business-in-hot-water/ (last accessed Aug. 9, 2024) (providing detailed information on why it is important to choose the right background screening servicer in marketing its own background screening services).

9. On or about May 13, 2024, Plaintiff entered into an employment agreement with Spend Matters, LLC ("Spend Matters").

10. On or about May 22, 2024, Plaintiff completed a background authorization form using his legal name and date of birth.

11. On or about May 27, 2024, Plaintiff began his employment with Spend Matters.

12. On or about May 31, 2024, Spend Matters issued a pre-adverse action notice to Plaintiff based on the results of the Investigative Consumer Report delivered by Defendant.

13. Defendant's Investigative Consumer Report included criminal charges that did not belong to Plaintiff.

14. The criminal charges belonged to Plaintiff's twin brother, who shares a similar but not identical name.

15. Plaintiff's brother has a middle name while Plaintiff does not have a middle name.

16. On or about June 5, 2024, Plaintiff disputed this mismatched information with Defendant. As part of this dispute, Plaintiff provided Defendant with a copy of his identification showing that Plaintiff did not have a middle name.

17. On or about June 7, 2024, Defendant initiated its investigation.

18. On or about June 28, 2024, Defendant informed Plaintiff that it had completed its investigation and did not correct Plaintiff's report. Specifically, Defendant did not remove the inaccurate criminal charges.

19. On or about June 28, 2024, Spend Matters took adverse action against Plaintiff by terminating his employment.

20. Because of Defendant's inaccurate and/or misleading reporting and outright refusal to correct such reporting, Spend Matters terminated Plaintiff's employment causing Plaintiff to lose a yearly salary of $85,000.

21. Unless Defendant conforms to its duties under the FCRA and corrects the inaccurate reporting and deletes the inaccurate information from its databases, Plaintiff may continue to be denied employment due to the reporting of criminal records that do not belong to him.

22. As a direct result of Defendant's violations of the FCRA, Plaintiff has suffered from considerable anguish and embarrassment, as Defendant has failed to correct the inaccurate information after Plaintiff's dispute.

23. Plaintiff felt very stressed, humiliated, and frustrated that, although he started his employment, his employment was terminated due to Defendant's inaccurate reporting.

24. As demonstrated by Defendant's reporting, Defendant fails to maintain and employ reasonable procedures to assure maximal accuracy of the consumer information they provide to third parties.

25. Upon information and belief, at no time did Defendant call the clerk of the relevant county court or any other municipal, count or state agency to verify the status of the alleged criminal records.

26. Defendant failed to take the necessary measures to verify the accuracy of the background and/or criminal history information it obtained and reported concerning Plaintiff.

27. Defendant knows its services are used by Spend Matters to make significant decisions concerning an applicant's qualifications to work for Spend Matters.

PAGE | **4** of **9**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

28. Nevertheless, instead of employing reasonable procedures as required by the FCRA, Defendant, upon information and belief, blindly collects information in an unreliable manner without verifying the information it collects.

29. Alternatively, Defendant, upon information and belief, blindly collects information in an unreliable manner from unreliable third-party vendors in order to repackage and sell such information in its own consumer reports.

30. Upon information and belief, Defendant buys consumer information from third-party vendors that do not have reasonable procedures in place to ensure that the information they sell is maximally accurate.

31. Upon information and belief, none of Defendant's third-party vendors provide warranties as to the accuracy of the information they sell.

32. Upon information and belief, Defendant does not independently investigate the information it buys from third-party vendors before reporting such information in consumer reports.

33. Upon information and belief, Defendant does not exercise the due diligence necessary to ensure the reliability of its third-party vendors, nor does it conduct periodic quality assurance audits to ensure that it is receiving reliable information from its third-party vendors.

34. At common law, Defendant's conduct would have given rise to causes of action based on defamation and invasion of privacy.

35. Upon information and belief, Defendant knowingly and willfully maintain deficient procedures because employing reasonable procedures to ensure it meets its duties under the FCRA would reduce its profits.

PAGE | **5** of **9**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

36. The injuries suffered by Plaintiff as a direct result of Defendant's violations, as alleged herein, are the type of injuries that the FCRA was enacted to prevent.

37. Defendant's violations of the FCRA were willful. Accordingly, Plaintiff is entitled to statutory, actual, and punitive damages under 15 U.S.C. §1681n.

38. Alternatively, Defendant's violations of the FCRA were negligent. Accordingly, Plaintiff is entitled to actual damages under 15 U.S.C. § 1681o.

39. In any event, Defendant is liable for Plaintiff's reasonable attorney's fees and costs, pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT 1
## VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681e

40. Plaintiff incorporates by reference paragraphs ¶¶ 1-39 of this Complaint.

41. The FCRA imposes a duty on CRAs to follow reasonable procedures to ensure the "maximum possible accuracy" of consumer reports, as follows:

> Whenever a consumer reporting agency prepares a consumer report, it shall ***follow reasonable procedures to assure maximum possible accuracy*** of the information concerning the individual about whom the report relates.

15 U.S.C. §1681e(b) (emphasis added).

42. Defendant violated § 1681e(b) because it failed to follow reasonable procedures to ensure the maximum possible accuracy of the information it attributed to Plaintiff.

43. Specifically, Defendant willfully, intentionally, recklessly, and/or negligently violated § 1681e(b) by reporting false criminal history on a consumer report concerning Plaintiff in the manner alleged herein.

44. Defendant's misconduct was a direct and proximate cause of Plaintiff's injuries, as alleged herein, and Defendant is therefore liable to Plaintiff for its negligent and/or willful failures

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

to follow reasonable policies and procedures.

45. As a result of Defendant's violations of 15 U.S.C. § 1681e(b), Plaintiff suffered statutory and actual damages as described herein and is entitled to recover statutory, actual, and punitive damages under 15 U.S.C. §§ 1681n and 1681o.

46. **WHEREFORE**, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief: [1] actual and statutory damages pursuant to 15 U.S.C. §§ 1681n and 1681o; [2] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n; [3] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and [4] any other relief that this Court deems proper under the circumstances.

## COUNT 2
## VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681i

47. Plaintiff incorporates by reference paragraphs ¶¶ 1-39 of this Complaint.

48. Upon receiving a consumer's dispute, CRAs are legally required to conduct a reasonable investigation and correct the disputed information, as follows:

> . . . *if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer*, and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, *the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file* in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

15 U.S.C. §1681i(a)(1) (emphasis added).

49. CRAs are further required to maintain reasonable procedures to prevent the reappearance of inaccurate information, as follows:

> A consumer reporting agency shall maintain reasonable procedures designed to prevent the reappearance in a consumer's file, and in consumer reports on the consumer, of information that is deleted pursuant to this paragraph . . . .

Id. §1681i(a)(5)(C).

50. Defendant violated § 1681(i) on one or more occasions, as Plaintiff disputed the inaccurate information that reflected the false criminal history was a matter of public record and provided Defendant with the documentation supporting their dispute. Still, Defendant willfully, intentionally, recklessly, and/or negligently failed to perform a reasonable reinvestigation and correct or suppress the inaccurate information.

51. Moreover, Defendant also violated § 1681(i) on one or more occasions, as it willfully, intentionally, recklessly, and/or negligently failed to maintain reasonable procedures to prevent the reappearance of the inaccurate information that Plaintiff disputed in Plaintiff's file and in consumer reports concerning Plaintiff.

52. Defendant's violations were a direct and proximate cause of Plaintiff's injuries, as alleged herein, and Defendant is therefore liable to Plaintiff for its negligent and/or willful failures to follow reasonable policies and procedures.

53. As a result of Defendant's violations of 15 U.S.C. § 1681i, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover statutory, actual, and punitive damages under 15 U.S.C. §§ 1681n and 1681o.

## **PRAYER FOR RELEIF**

54. **WHEREFORE**, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief: [1] actual and statutory damages pursuant to 15 U.S.C. §§ 1681n and 1681o; [2] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive

damages pursuant to 15 U.S.C. § 1681n; [3] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and [4] any other relief that this Court deems proper under the circumstances.

Dated: September 26, 2024

                                            Respectfully Submitted,

/s/ Zane C. Hedaya
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail: jibrael@jibraellaw.com
**ZANE C. HEDAYA, ESQ.**
Florida Bar No.: 1048640
E-mail: zane@jibraellaw.com
**GERALD D. LANE, JR., ESQ.**
Florida Bar No.: 1044677
E-mail: gerald@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136

*COUNSEL FOR PLAINTIFF*

PAGE | 9 of 9

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com